# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY VAN FERRELL JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-16-1203-HE |
| | ) |
| JOE M. ALLBAUGH, | ) |
| Director,[1] | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Johnny Van Ferrell Jr., a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). As outlined herein, the undersigned recommends that the action be transferred to the United States District Court for the Northern District of Oklahoma.

Petitioner is serving two six-year sentences pursuant to two November 2014 criminal convictions entered in, and imposed by, the District Court of Rogers County, Oklahoma, which lies in the territorial jurisdiction of the Northern District of Oklahoma. Pet. (Doc. No. 1) at 1; Pet. Ex. 2 (Doc. No. 1-2) at 1; 28 U.S.C. § 116(a). Petitioner, however, filed his Petition while confined at Oklahoma State Reformatory ("OSR") in

---

[1] Because Petitioner is now confined at a private facility in Ponca City, Oklahoma, current Oklahoma Department of Corrections Director Joe M. Allbaugh is substituted as Respondent in this matter. *See* Doc. No. 6; Okla. Dep't of Corr., *Director's Office*, https://www.ok.gov/doc/Organization/Director's_Office/ (last visited Nov. 17, 2016); R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.

Granite, Oklahoma. Pet. at 1. The town of Granite is located in Greer County, which lies in the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

The allegations of the Petition therefore establish that both this Court and the United States District Court for the Northern District of Oklahoma have jurisdiction over this habeas proceeding. *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). Pursuant to the relevant statute, however, this Court may, "in the exercise of its discretion and in furtherance of justice," transfer the Petition "to the other district court for hearing and determination." *Id.*

In his pleading, Petitioner alleges that he is entitled to relief from his two November 2014 Rogers County District Court criminal convictions because that court "breached" his plea agreement with the State, pursuant to which Petitioner's Rogers County criminal sentences were to be served concurrently with each other and with sentences imposed in seven other cases, including a case in Creek County District Court. *See* Pet. at 2, 4-5; Pet. Ex. 2, at 1-2. Petitioner contends that the 2015 revocation of a suspended sentence in the Creek County District Court case, by the Creek County District Court, was a "breach[]" of his Rogers County plea agreement committed by the Rogers County District Court. *See* Pet. at 2, 4-5; Pet. Ex. 2, at 1-2. Thus, Petitioner's habeas claims challenge his state-court trial and sentencing proceedings in the Northern District

2

of Oklahoma rather than the execution or administration of any prison sentence being served in the Western District of Oklahoma. *See id.*

It follows that relevant records and officials involved generally will be located in the district in which Petitioner was tried and convicted. And "if a hearing is required, trial counsel for the prosecution and any necessary witnesses should be available in the district where the conviction was obtained." *Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (transferring § 2254 action and noting that "federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction").

Under these circumstances, the undersigned recommends transfer of the action to the Northern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." *See* 28 U.S.C. § 2241(d); *see, e.g.*, *Watie v. Aldredge*, No. CIV-15-1205-HE, 2016 WL 1337287 (W.D. Okla. Apr. 5, 2016).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Northern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 21, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner further is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review

3

of both the factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the above captioned matter.

The Clerk of the Court is directed to electronically serve a copy of this Report and Recommendation on Respondent and on the Attorney General for the State of Oklahoma at fhc.docket@oag.state.ok.us.

ENTERED this 30th day of November, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE